**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:07-cr-80143-ROSENBERG**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LORENZO ANDERSON,

      Defendant.

                                              /

## ORDER DENYING UNITED STATES' MOTION TO STAY

This cause comes before the Court on the United States' Motion [DE 75] to Stay the Court's Order [DE 66] granting Defendant's Motion for Reduced Sentence Pursuant to the First Step Act. The Court has considered the United States' Motion, Defendant's Response [DE 80], and the United States' Reply [DE 81].

Granting a stay pending appeal is an exercise of judicial discretion. *Nken v. Holder*, 556 U.S. 418, 433 (2009).  When determining whether to grant a stay, a Court should consider (1) whether the applicant for the stay has made a strong showing that he is likely to succeed on the merits of the appeal, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure the other parties, and (4) where the public interest lies.  *Id.* at 434.  The first two factors "are the most critical."  *Id.*; *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (stating that "the first factor is the most important").  A stay may be granted upon a lesser showing of likelihood of success on the merits "when the balance of the equities" of the remaining factors "weighs heavily in favor of granting the stay."  *Garcia-Mir*, 781 F.2d at 1453 (quotation marks omitted).

First, the United States has not made a strong showing of likelihood of success on the merits of the appeal.  Defendant pled guilty to distribution of at least five grams of a substance containing cocaine base, and the statutory sentence for such a crime indisputably was impacted by the Fair Sentencing Act of 2010.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (increasing the quantities of cocaine base that are required to be sentenced under 21 U.S.C. § 841(b)(1)(A) and (B)).  Thus, under § 404 of the First Step Act of 2018, the Court had the discretion to reduce Defendant's sentence.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  As addressed in this Court's Order granting Defendant's Motion for Reduced Sentence [DE 66], this Court's conclusion that Defendant's statutory sentence should not be based on the amount for which he was held accountable in the PSI is consistent with the conclusions of multiple other district courts, both within and outside of this District.

The United States argues that Defendant should not be granted a reduced sentence because it results in a windfall when Defendant could have been charged with a greater drug quantity and creates a disparity between this Defendant and similarly-situated defendants who, after the passage of the Fair Sentencing Act, were charged with greater drug quantities.  The Court refuses to speculate as to the charges that may have been brought against this Defendant and to which he may have pled guilty, had the law in effect today been the law at the time that he was charged.  The Court, when reducing Defendant's sentence on May 14, 2019, considered the sentencing factors in 18 U.S.C. § 3553(a), one of which is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *See* 18 U.S.C. § 3553(a)(6).  In applying this factor, the Court considered the conduct for which Defendant pled guilty.  Thus, under the first factor, a stay is not warranted.

2

As to the remaining factors, the United States will not be irreparably injured if a stay is not granted. Defendant has been placed on supervised release for three years, during which time he is required to regularly report to his probation officer. The United States has not shown that it will be unable to locate and apprehend Defendant, should the reduction of his sentence be reversed on appeal. On the other hand, a grant of a stay would substantially injure Defendant, as he will have over-served his sentence, should the reduction of his sentence be affirmed on appeal. Finally, the Court does not believe that the public interest favors a stay. The recently passed, bipartisan First Step Act reflects a public policy in favor of sentencing reform, including shorter sentences for drug crimes.

In conclusion, application of the relevant factors reflects that a stay pending appeal is inappropriate. *See Nken*, 556 U.S. at 434; *Garcia-Mir*, 781 F.2d at 1453.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the United States' Motion to Stay the Execution of Order [DE 75] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 7th day of June, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

3